IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:09CR435 |
| vs. | ORDER |
| COREY M. CARR, | |
| Defendant. | |

This matter is before the court on the defendant's, Corey M. Carr (Carr), motion for copies (Filing No. 53). Carr previously sent an Affidavit in Support of Request to Proceed In Forma Pauperis (**see** attached Affidavit (Filing No. 18-1 in 4:14PS3000)), which was returned to Carr because the Affidavit did not indicate the case number or comply with Fed. R. Civ. P. 10 and the local rules. Carr states he requires case documents to perfect his habeas corpus motion in the Fourth Circuit. **See** Filing No. 53 - Motion. Carr previously filed a Motion for Production of Transcripts. **See** Filing No. 51. The court denied Carr's motion without prejudice to reassertion after filing a section 2255 petition or other timely motion. **See** Filing No. 52 - Order. The court also noted a one-year period of limitation applies to motions under 28 U.S.C. § 2255. **See id.** (**citing** 28 U.S.C. § 2255(f)). The court entered judgment against Carr on July 14, 2010. **See** Filing No. 48 - Judgment. Carr has not filed a motion for post-conviction relief with this court.

Under Rule 6(b) of the "Rules Governing Section 2255 Cases in the United States District Courts," a party requesting discovery must provide reasons for his requests and must specify any requested documents. Also, under 28 U.S.C. § 2250, if a petitioner is permitted to prosecute a petition for a writ of habeas corpus in forma pauperis, "the clerk of any court of the United States shall furnish to the petitioner without cost certified copies . . . the record . . . as may be required by order . . . ." 28 U.S.C. § 2250. The statute contemplates the filing of a motion for collateral review of a conviction before free copies of the record are furnished to the moving party. **See *Chapman v. United States***, 55 F.3d 390, 390-91 (8th Cir. 1995) (stating any request for a free transcript prior to the filing of a section 2255 motion is premature). Accordingly, the court finds the motion should be denied at this time without prejudice to reassertion after filing a section 2255 petition or other timely motion. Carr may request copies from the Clerk of the Court at his own expense. Upon consideration,

**IT IS ORDERED**:

1. Carr's motion (Filing No. 53) is denied.

2. The Clerk of the Court is directed to file Filing No. 18-1 in 4:14PS3000 as an attachment to this order.

Dated this 21st day of March, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge