IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:09CR435 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| COREY M. CARR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 70, filed by the Defendant, Corey M. Carr.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Carr pled guilty to Count II of the Indictment, charging him with a violation of 18 U.S.C. § 841.  He entered into a plea agreement in which he stipulated to a sentence of 151 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and in which he waived his right of appeal and his right to present a motion under 28 U.S.C. § 2255, with two exceptions, neither of which is applicable here.  He was sentenced in accordance with the plea agreement on July 20, 2010, and did not file any direct appeal.  This is his first § 2255 motion, filed on June 23, 2017, one year after the issuance of the United States Supreme Court's decision in *Mathis v. U.S.*, 136 S. Ct. 2243 (2016).  He asserts that the

*Mathis* decision should have an impact on his status as a career offender and give rise to resentencing.

## DISCUSSION

A prisoner sentenced by this Court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may move the Court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255(f) requires all § 2255 motions to be filed within one year from:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Carr suggests that Subsection (f)(3) provides an avenue for his § 2255 Motion. Therefore, in order to succeed, the § 2255 Motion must identify and assert a "right [to a corrected sentence] . . . newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review." *Id*. (emphasis added).

"[T]o determine whether a right 'has been newly recognized by the Supreme Court,' we must inquire whether the Supreme Court announced a 'new rule' within the meaning of the Court's jurisprudence governing retroactivity for cases on collateral review."

*Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (quoting 28 U.S.C. § 2255(f)(3)) (citing *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

In *Mathis*, the Supreme Court held that the 15-year mandatory minimum term under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), (e)(2)(B)(ii), is applicable only where the elements of predicate offenses committed by a defendant correspond with the elements of the generic predicate offenses listed in the ACCA. In other words, if a defendant is convicted under a state criminal statute that provides alternative means for commission of the crime, and those means are broader than the elements of the generic version of the predicate crime under the ACCA, the conviction may not be used as a predicate offense for purposes of the ACCA, even though the defendant's actual conduct fell within the definition of the generic crime. *Mathis*, 136 S.Ct. at 1156-57.

Carr was determined to be a career offender under the Guidelines, §§ 4B1.1 and 4B1.2, based on two predicate offenses: Robbery and Possession with Intent to Deliver Crack Cocaine. Carr's criminal history category was VI, and would have remained VI without the offender enhancement.[1] His base offense level was 32, due to the career offender enhancement, and would have been 28 but for that enhancement. With a three-point reduction for acceptance of responsibility, his total offense level was 29, and his sentencing range was 151-188 months.

Carr's Motion will be summarily denied for several reasons. First, it is untimely, because it was not filed within one year of the date on which his conviction became final. Second, it is barred by the provision in his plea agreement in which he expressly waived

---

[1] He had 20 criminal history points, well exceeding the 13 points needed to enter criminal history category VI.

3

his right to contest his conviction or sentence under 28 U.S.C. § 2255. Third, he stipulated to his sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the Court sentenced accordingly. Fourth, the Supreme Court in *Mathis* did not recognize any new right asserted by Carr or made retroactively applicable to his case on collateral review. It is noted that the Supreme Court in *Beckles v. United States*, 137 S.Ct. 886, 892 (2017), held that the Guidelines, including career offender sections, are not subject to vagueness challenges that may be asserted with respect to the ACCA. Fifth, Carr's convictions for robbery and possession with intent to distribute crack cocaine fall squarely in the scope of § 4B1.2(a) and (b).

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of Corey M. Carr's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 70;

2. Upon initial review, the Court summarily dismisses Carr's claims raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 17th day of July, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge