# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR435 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| COREY M. CARR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion for relief under 18 U.S.C. § 3582(c)(2), ECF No. 84.

Carr pled guilty to Count II of the Indictment, charging him with a violation of 18 U.S.C. § 841. He entered into a plea agreement in which he stipulated to a sentence of 151 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and in which he waived his right of appeal. ECF No. 38. He was sentenced in accordance with the plea agreement on July 20, 2010, ECF NO. 48, and did not file any direct appeal.

In 2014 and 2015, Carr sought reductions in his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. See ECF Nos. 57, 62, 66. Such motions were denied, because Carr's sentencing guideline range was unchanged by Amendment 782 due to his career offender status. See ECF Nos. 61, 65, 67. Carr submitted a motion under 28 U.S.C. § 2255 on June 23, 2017, challenging his career offender status. ECF No. 70. That motion was summarily denied by this Court, ECF Nos. 71, 72, and a certificate of appealability was denied by the U.S. Court of Appeals for the Eighth Circuit. ECF No. 82.

Carr now asserts that the Supreme Court decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), should give rise to his resentencing pursuant to Amendment 782. In *Hughes*, the Supreme Court held that when a sentencing court accepts a Rule 11(c)(1)(C) plea agreement and sentences accordingly, taking into consideration the Sentencing Guidelines, and such Guidelines are subsequently lowered by the Sentencing Commission, a defendant may be eligible for relief under § 3582(c)(2).

While it is true that the Guidelines were taken into consideration in Carr's 11(c)(1(C) plea agreement, and at sentencing[1], it remains true that Amendment 782 did nothing to alter Carr's sentencing guideline, because he was and remains a career offender. Carr's sentencing guideline range *before* Amendment 782 was 151 to 188 months incarceration. Carr's sentencing guideline *after* Amendment 782 was 151 to 188 months incarceration. His Rule 11(C)(1)(c) Agreement provided for a sentence of 151 months incarceration, and the Court sentenced accordingly. Carr is not eligible for resentencing under Amendment 782 and his motion will be denied.

Accordingly,

IT IS ORDERED:

1. Defendant Corey M. Carr's "3582(c)(2) Motion for Amendment 782 Reduction Pursuant to S.C.O.T.U.S. Decision in Hughes v. United States," ECF No. 84, is denied; and

---

[1] Carr was sentenced at the lowest end of the applicable guideline range, which remains unchanged. He had 20 criminal history points, well exceeding the 13 points needed to enter criminal history category VI.

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

BY THE COURT

s/Laurie Smith Camp
Chief United States District Judge